O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY JANE NEWELL, | ) | NO. CV 10-08370-MAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed a Complaint on November 8, 2010, seeking review of the denial of plaintiff's application for supplemental security income ("SSI"). On December 28, 2010, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on November 30, 2011, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, alternatively, remanding for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties' Joint Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On October 16, 2007, plaintiff filed an application for SSI. (Administrative Record ("A.R.") 15.) Plaintiff, who was born on June 6, 1960 (A.R. 19),[1] claims to have been disabled since June 30, 2007 (A.R. 15), due to cirrhosis of the liver and frailty (A.R. 38).

Plaintiff's claim was denied initially and upon reconsideration (A.R. 15, 38-42); plaintiff then requested a hearing (A.R. 44). On December 18, 2008, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Edward C. Graham (the "ALJ"). (A.R. 15, 20-36.) Vocational expert Randi Hetrick also testified. (*Id.*) On April 3, 2009, the ALJ denied plaintiff's claim (A.R. 15-19), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-4). That decision is now at issue in this action.

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff has not engaged in substantial gainful activity since October 16, 2007, the application date. (A.R. 18.) The ALJ determined that plaintiff has the severe impairment of cirrhosis of the liver. (*Id.*) He also determined that plaintiff does not have an impairment or a combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20

---

[1]   On the date of the ALJ's decision, plaintiff was 48 years old, which is defined as a younger individual. (A.R. 19; *citing* 20 C.F.R. § 416.963.)

2

1   C.F.R. §§ 416.925, 416.926).   (*Id.*)

2

3       After reviewing the record, the ALJ determined that plaintiff has
4   the residual functional capacity ("RFC") to perform the full range of
5   sedentary work as defined in 20 C.F.R. § 416.967(a).   (A.R. 19.)   The
6   ALJ concluded that, with this RFC, plaintiff would not be able to
7   perform any past relevant work.   (*Id.*)   However, after considering
8   plaintiff's age, education,[2] work experience, and RFC, as well as the
9   testimony of the vocational expert, the ALJ found that plaintiff could
10  perform jobs in the national economy, including order clerk, call-out
11  operator, or assembler.   (*Id.*)   Accordingly, the ALJ concluded that
12  plaintiff has not been disabled within the meaning of the Social
13  Security Act since October 16, 2007, the date the application was filed.
14  (*Id.*)

15

16                          **STANDARD OF REVIEW**

17

18      Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's
19  decision to determine whether it is free from legal error and supported
20  by substantial evidence in the record as a whole.   Orn v. Astrue, 495
21  F.3d 625, 630 (9th Cir. 2007).   Substantial evidence is "'such relevant
22  evidence as a reasonable mind might accept as adequate to support a
23  conclusion.'"   *Id.* (citation omitted).   The "evidence must be more than
24  a mere scintilla but not necessarily a preponderance."   Connett v.
25  Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).   "While inferences from the
26  record can constitute substantial evidence, only those 'reasonably drawn

27  ────────────────
28      [2]   The ALJ determined that plaintiff has a high school education
    and is able to communicate in English.   (A.R. 19.)

                                    3

from the record' will suffice." <u>Widmark v. Barnhart</u>, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Hum. Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); <em>see also</em> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his or her decision "and may not affirm the ALJ on a ground upon which he [or she] did not rely." <u>Orn</u>, 495 F.3d at 630; <em>see also</em> <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(<em>quoting</em> <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); <em>see also</em> <u>Burch</u>, 400 F.3d at 679.

///

///

///

4

1                                            **DISCUSSION**

2

3       Plaintiff claims that the ALJ did not reject her subjective symptom

4 testimony properly.  (Joint Stipulation ("Joint Stip.") at 4-13, 18.)

5

6 **I.    The ALJ Failed To Give Clear And Convincing Reasons For Rejecting**

7      **Plaintiff's Testimony.**

8

9       Once a disability claimant produces objective medical evidence of

10 an underlying impairment that is reasonably likely to be the source of

11 claimant's subjective symptom(s), all subjective testimony as to the

12 severity of the symptom(s) must be considered.  Moisa v. Barnhart, 367

13 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345

14 (9th Cir. 1991)(*en banc*); *see also* 20 C.F.R. § 416.929(a) (explaining

15 how pain and other symptoms are evaluated).  "[U]nless an ALJ makes a

16 finding of malingering based on affirmative evidence thereof, he or she

17 may only find an applicant not credible by making specific findings as

18 to credibility and stating clear and convincing reasons for each."

19 Robbins, 466 F.3d at 883.  The factors to be considered in weighing a

20 claimant's credibility include:  (1) the claimant's reputation for

21 truthfulness; (2) inconsistencies either in the claimant's testimony or

22 between the claimant's testimony and her conduct; (3) the claimant's

23 daily activities; (4) the claimant's work record; and (5) testimony from

24 physicians and third parties concerning the nature, severity, and effect

25 of the symptoms of which the claimant complains.  *See* Thomas v.

26 Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §

27 416.929(c).

28

An ALJ may not rely on a plaintiff's daily activities to support an adverse credibility determination when those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis. Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990). The ALJ must evaluate the claimant's "'ability to work on a *sustained* basis.'" Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995)(emphasis in original)(*citing* 20 C.F.R. § 404.1512(a)). A claimant need not be "utterly incapacitated to be eligible for benefits . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).

The ALJ made no specific finding as to whether plaintiff's impairment could reasonably be expected to produce the symptoms of which she complains –– *to wit*, abdominal pain and limitations in, *inter alia*, sitting, standing, bending, stooping, crawling, crouching, lifting, and carrying. However, based on the ALJ's finding that plaintiff's impairment of cirrhosis of the liver is severe (A.R. 16) and the medical record, which includes, *inter alia*, findings of ascitis, macrocytic anemia, and hernias (*see, e.g.,* A.R. 210, 236-37, 246-49), it appears that plaintiff's impairment(s) could reasonably be expected to produce such symptoms. Further, the ALJ cites no evidence of malingering by plaintiff. Accordingly, the ALJ's reason for rejecting plaintiff's testimony must be clear and convincing.

At the administrative hearing, plaintiff testified that her cirrhosis of the liver causes her to retain fluids. (A.R. 26-27.)

Plaintiff testified that the fluids she retains settle in her stomach[3] and cause her to have difficulty bending, sitting, laying down, and sleeping. (A.R. 27.) Specifically, plaintiff testified that she only: can sit for half an hour before she must get up and walk; can sit for a total of two hours in an eight hour day; can stand or walk for "maybe an hour, hour and a half" total in an eight hour day; and cannot stoop, crouch, or crawl, because she cannot "get back up without help." (A.R. 32.)

Plaintiff also testified that she has an abdominal hernia for which she wears a brace. (A.R. 28.) She testified that she wears the brace to prevent injury from "lifting things" and "hitting" objects, such as a table. (A.R. 28.) Plaintiff further testified that she cannot do any lifting or carrying, "[b]ecause the [d]octor tells [her] not to." (A.R. 26-27.)

With respect to her daily activities, plaintiff testified that she crochets to build strength in her hands, shops, drives, "might cook dinner," and goes to medical appointments and the American Legion, a veteran's organization, twice or three times a week. (A.R. 30, 32-33.) Plaintiff testified that she does not perform any housework, such as laundry or cleaning. (A.R. 33.)

The ALJ found that plaintiff was not credible, because: (1) "[t]he record showed that her condition is stable with medications"; (2) at the administrative hearing, plaintiff "appeared alcohol-looking with a

---

[3]    Plaintiff testified that she had excess fluids from her stomach drained on two separate occasions. (A.R. 27.)

height of 62 inches and a weight of 104 pounds"; (3) plaintiff "exaggerated her pain and symptoms"; and (4) plaintiff's "daily activities are . . . inconsistent with her allegations." (A.R. 18.)

The ALJ's first ground for finding plaintiff to be not credible -- *to wit*, that plaintiff's condition is stable with medications -- is not clear and convincing. While impairments that are controlled effectively with medications are not considered disabling, the medical finding that plaintiff's impairment is "stable" does not necessarily mean that her symptoms are controlled in a manner that would allow her to work. In fact, despite notations that plaintiff's cirrhosis of the liver is "stable," a May 30, 3008 treatment note states that plaintiff "will likely require [a liver] transplant" (A.R. 249), a July 2, 2008 treatment note states that plaintiff is "pending referral to UCLA for [a] liver transplant" (A.R. 248), and a September 25, 2008 treatment note states that plaintiff "will be referred to UCLA" (A.R. 246). Accordingly, when plaintiff's treatment notes are read as a whole, her referral for a liver transplant belies a finding that her impairment is effectively controlled with medications. As such, the ALJ's reasoning cannot constitute a clear and convincing reason for finding plaintiff to be not credible.

The ALJ's second reason for finding plaintiff to be not credible -- *to wit*, that plaintiff "appeared alcohol-looking with a height of 62 inches and a weight of 104 pounds" -- is unpersuasive. As an initial matter, it is not permissible for the ALJ to rely solely on the claimant's appearance at the hearing (sometimes called "sit and squirm" jurisprudence) as a basis for an adverse credibility finding. <u>Verduzco</u>

v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Perminter v. Heckler, 15 F.3d 870, 872 (9th Cir. 1985).   Moreover, beyond commenting on plaintiff's height and weight, the ALJ does not explain, at either the hearing or in his decision, what he means by his description of plaintiff as, or his basis for believing plaintiff to be, "alcohol-looking."  Accordingly, this reason is not a clear and convincing reason for rejecting plaintiff's subjective symptom testimony.

The ALJ's third reasons for finding plaintiff to be not credible is equally unpersuasive.   The ALJ rejects plaintiff's testimony, because "[i]t was . . . noted that plaintiff exaggerated her pain and symptoms." (A.R. 18.)  However, without any supporting evidence, the ALJ's vague and boilerplate statement cannot constitute a clear and convincing reason for finding plaintiff's testimony to be not credible.  Further, although not entirely clear, to the extent the ALJ rejects plaintiff's testimony because there is no evidence supporting the degree of plaintiff's alleged pain and symptoms, the ALJ errs.   It is well established that the failure of the medical record to corroborate plaintiff's subjective symptom testimony fully is not, by itself, a legally sufficient basis for rejecting such testimony.  Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001); Bunnell, 947 F.2d at 347 (noting that "[i]f an adjudicator could reject a claim of disability simply because [plaintiff] fails to produce evidence supporting the severity of the pain there would be no reason for an adjudicator to consider anything other than medical findings").   Accordingly, for the aforementioned reasons, the ALJ's statement cannot, by itself, constitute a clear and convincing reason for rejecting plaintiff's testimony.

9

1    The ALJ's last reason for finding plaintiff to be not credible --
2   *to wit,* that plaintiff's daily activities are inconsistent with her
3   allegations -- is also neither clear nor convincing.  In support of his
4   finding, the ALJ states that plaintiff "portrayed herself as being
5   practically non-functional; alleging that she mostly sat on the couch
6   and crochets, she grocery shopped, drove her car and goes to the
7   American Legion, where she used to work, three times a week (per
8   testimony)."[4]  (A.R. 18.)  Significantly, the ALJ fails to explain how
9   plaintiff's minimal daily activities and home activities translate into
10  the ability to perform *sustained* work.  *See* Fair, 885 F.2d at 602
11  (noting that "many home activities are not easily transferable to what
12  may be the more grueling environment of the workplace"); *see also*
13  Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)(noting that "the
14  mere fact that a plaintiff has carried on certain daily activities, such
15  as grocery shopping, driving a car, or limited walking for exercises,
16  does not in any way detract from [plaintiff's] credibility as to her
17  overall disability").  Accordingly, the ALJ's last reason for rejecting
18  plaintiff's testimony is neither clear nor convincing.[5]

19
20
21

22  [4]     The Court notes that the Commissioner presents additional
    reasons for rejecting plaintiff's subjective complaints, which the ALJ
23  did not provide in his decision.  This Court may not rely on reasons the
    ALJ did not provide in his decision.  Connett, 340 F.3d at 874 ("We are
24  constrained to review the reasons the ALJ asserts"); Pinto v. Massanari,
    249 F.3d 840, 847 (9th Cir. 2001)(noting that the Court "cannot affirm
25  the decision of an agency on a ground that the agency did not invoke in
    making its decision").

26  [5]     In discussing plaintiff's daily activities, the ALJ also notes
    that plaintiff "does not appear to be too motivated to work."  (A.R.
27  18.)  While the ALJ's opinion regarding plaintiff's motivation to work
    is entitled to some deference, this reason alone is not sufficient to
28  reject plaintiff's testimony.

10

1    Accordingly, for the aforementioned reasons the ALJ failed to give

2    clear and convincing reasons, as required, for finding plaintiff's

3    testimony to be not credible.  This constitutes error.

4

5    **II. <u>Remand Is Required</u>.**

6

7    The decision whether to remand for further proceedings or order an

8    immediate award of benefits is within the district court's discretion.

9    <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no

10   useful purpose would be served by further administrative proceedings, or

11   where the record has been fully developed, it is appropriate to exercise

12   this discretion to direct an immediate award of benefits.  *Id.* at 1179

13   ("[T]he decision of whether to remand for further proceedings turns upon

14   the likely utility of such proceedings.").  However, where there are

15   outstanding issues that must be resolved before a determination of

16   disability can be made, and it is not clear from the record that the ALJ

17   would be required to find the claimant disabled if all the evidence were

18   properly evaluated, remand is appropriate.  *Id.* at 1179-81.

19

20   Remand is the appropriate remedy to allow the ALJ the opportunity

21   to remedy the above-mentioned deficiencies and errors.  *See*, *e.g.*,

22   <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

23   further proceedings is appropriate if enhancement of the record would be

24   useful); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989)

25   (remand appropriate to remedy defects in the record).[6]  On remand, the

26   _____

27       [6]   Plaintiff has requested that this Court credit her testimony
     as true and remand for the payment of benefits and/or further
28   administrative proceedings.  In the Ninth Circuit, courts have the

11

1  ALJ must revisit plaintiff's testimony and must either credit
2  plaintiff's testimony or give clear and convincing reasons why
3  plaintiff's testimony is not credible.  After so doing, the ALJ may need
4  to reassess plaintiff's RFC, in which case, testimony from a vocational
5  expert likely will be needed to determine what work, if any, plaintiff
6  can perform.

7  ///
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///

14  _____

15  discretion to "credit as true" the testimony of claimants when the ALJ
   has failed to provide legally sufficient reasons for rejecting the same.
16  *See, e.g.,* <u>Connett</u>, 340 F.3d at 876 (holding that "[i]nstead of being a
   mandatory rule, we have some flexibility in applying the 'credit as
17  true' theory").  In cases where there are no outstanding issues that
   must be resolved before a proper disability determination can be made,
18  and where it is clear from the administrative record that the ALJ would
   be required to award benefits if the claimant's excess pain testimony
19  were credited, applying the "credit as true" rule is appropriate.
   <u>Vasquez v. Astrue</u>, 572 F.3d 586, 593 (9th Cir. 2009).
20
        Here, if plaintiff's testimony were credited as true, it is
21  unclear whether plaintiff would be considered disabled under the Social
   Security Act.  At the hearing, plaintiff's counsel asked the vocational
22  expert whether "a hypothetical person with plaintiff's age, education,
   and past relevant work experience who can lift and carry less than ten
23  [pounds]," "[s]tand and walk an hour, sit for about two," and cannot do
   any "bending, stooping, crouching, and crawling" would be able to
24  perform the jobs identified by the vocational expert.  (A.R. 35.)  In
   reply, the vocational expert stated that such an individual "would not
25  be able to sustain full time employment at any exertional level." (*Id.*)
   Critically, however, plaintiff testified that she could stand and/or
26  walk for one to *one and a half* hours at a time -- a range which was not
   included in the hypothetical to the vocational expert.  Accordingly,
27  because it is unclear whether plaintiff's testimony, if credited as
   true, would require a finding of disability, the Court declines to
28  credit her testimony as true.

1
2

**CONCLUSION**

3    Accordingly, for the reasons stated above, IT IS ORDERED that the
4  decision of the Commissioner is REVERSED, and this case is REMANDED for
5  further proceedings consistent with this Memorandum Opinion and Order.
6
7    IT IS FURTHER ORDERED that the Clerk of the Court shall serve
8  copies of this Memorandum Opinion and Order and the Judgment on counsel
9  for plaintiff and for defendant.
10
11    **LET JUDGMENT BE ENTERED ACCORDINGLY.**
12
13  DATED:  January 5, 2012
14
15
16                                    _Margaret A. Nagle_
17                        _____
                                    MARGARET A. NAGLE
18                          UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28

13